26 C.C.P.A.(Patents)

## In re IRVIN.

### Patent Appeals No. 4170.

#### Court of Customs and Patent Appeals.
June 26, 1939.

Royal R. Rommel, of Washington, D. C., for appellant.

R. F. Whitehead, of Washington, D.C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

The application for patent in this case relates to a parachute chair which, in many respects, is similar to the parachute chair shown in the application of George Waite, involved in suit No. 4169, decided concurrently herewith. In re George Waite, 104 F.2d 804, 26 C.C.P.A.Patents, ——. As in that case there are a number of allowed claims, and as to two rejected claims (Nos. 45 and 48) no appeal was taken to this court. As to seven claims, numbered, respectively, 1, 2, 4, 5, 36, 46, and 47, rejected by the examiner, whose decision was affirmed by the Board of Appeals, appeal was taken.

The brief on behalf of appellant describes the invention, italicizing certain terms, as follows:

"In the present application the chair is concerned with a *seat type of parachute pack*, and the construction of the chair has been arranged to suit the features of a seat type parachute pack. In addition the pocket arrangement for accommodation of the side straps, lap straps, and leg straps of the harness is different in the present chair. A *top pocket* is provided in the present chair for receiving the upper portions of the parachute harness. It is to be noted that the present chair has *rigid* side arms which are provided with side pockets or recesses *facing each other* for receiving lower portions of the parachute harness. The chair seat is provided with a socket for receiving a *seat* pack and pockets are provided *below the level of the seat* at the sides of the chair for receiving lap straps and other parts of the parachute harness. It is to be noted from the drawings that the back pad covering the harness details is provided with side flaps 38 which act as releasable covers for the harness receiving pockets in the facing sides of the rigid arms of the chair. These side flaps are secured by releasable fasteners which snap open as the parachute harness is donned by the wearer."

While each of the appealed claims contains limitations that are stressed by appellant, it is believed that claim 1, taken in connection with the foregoing description, is sufficient to illustrate the subject matter at issue:

"1. In parachute apparatus the combination of a chair including a back and seat, parachute apparatus including harness and a parachute pack, means supporting the pack and parachute harness on the chair in position to facilitate attachment of the harness to the body of the wearer, and pocketing means upon the chair below the level of the seat for releasably secreting ordinarily loose portions of the harness in inactive position therein."

Four references are cited as follows: Trevitt, 137,738, April 8, 1873; Campbell et al., 1,899,668, February 28, 1933; Switlik, 1,964,864, July 3, 1934; French patent, 590,457, March 18, 1925.

It may be observed that all the references in this case were also cited in the companion case. The rejection of all the appealed claims was based principally on the ground that the combination presented is old, the French patent and the patent to Campbell et al. being cited as examples of a combination between parachute equipment and a chair for use by the wearer of the equipment.

Claims 1, 2, 4, 5, 36, and 47 which, taken together, embody limitations relating to pocketing means on different portions of the chair in which loose strap ends

from the harness may be inserted and secreted, the side pockets being below the level of the seat, were further rejected by the examiner on the Campbell et al. patent in view of Trevitt. The Campbell et al. patent which, it may be said, belongs to the company with which appellant is associated, is for parachute apparatus, consisting of harness, etc., associated with a chair. The patent to Trevitt is for a combined cabinet chair and secretary and discloses pockets on the outside of the arm rests adapted for the reception of newspapers and the like. It was the view of the tribunals of the Patent Office that the modifications of the Trevitt pockets requisite to prepare them for the insertion of the loose ends of the parachute harness straps did not constitute invention and that there would be no invention in draping Campbell's harness upon the Trevitt chair.

Claim 46 which provides for rigid arms having pockets therein opening in facing relation towards the seat rest in which the loose lower ends of the harness are releasably disposed, and for releasable covering flaps for the pockets having snap fasteners adapted to open responsive to attachment of the harness upon the wearer, was additionally rejected as defining nothing patentable over Trevitt.

The arguments made on behalf of appellant in this case are quite similar to those made in the Waite case, supra, and, as we view it, the questions involved are practically the same in principle.

It is not believed that the board committed error in sustaining the examiner's rejection, and its decision is affirmed.

Affirmed.